UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kris Lindahl Real Estate, LLC; and Lindahl Realty, LLC, | Civ. No. 22-2000 (JWB/DTS) |
| Plaintiffs, | |
| v. | **ORDER ON MOTION TO DISMISS** |
| RE/MAX Escarpment Golfi Realty Inc., | |
| Defendant. | |

---

Ashley M. Bennett Ewald, Esq., Lee B. Bennin, Esq., Loren L. Hansen, Esq., Lathrop GPM LLP, counsel for Plaintiffs.

Amanda Groover Hyland, Esq., Falkner Nelson Werkhaven, Esq., Taylor English Duma LLP; Elisabeth Muirhead, Esq., Paige S. Stradley, Esq., Merchant & Gould P.C., counsel for Defendant.

---

Plaintiffs Kris Lindahl Real Estate, LLC and Lindahl Realty, LLC (referred together as "Lindahl") sued Defendant RE/MAX Escarpment Golfi Realty, Inc. ("Golfi") for breach of contract and willful infringement of Lindahl's copyrights. Golfi filed a Motion to Dismiss (Doc. No. 7), which was heard on March 13, 2023. (Doc. No. 24.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and must be dismissed. *Id.* (quotations omitted).

As stated on the record at the hearing, Golfi's motion to dismiss is granted. One of Lindahl's asserted claims is for copyright infringement under the Copyright Act. The Copyright Act does not have extraterritorial reach beyond the United States. *Fair Isaac Corp. v. Fed. Ins. Co.*, No. 16-cv-1054 (WMW/DTS), 2021 WL 1111052, *5 (D. Minn. Mar. 23, 2021) (citing *Iverson v. Grant*, 133 F.3d 922 (8th Cir. 1998) (unpublished table decision)). Courts have "described domestic infringement as a necessary element of a Copyright Act claim," which must be supported by allegations pleaded in the Complaint. *IMAPizza, LLC v. At Pizza Limited*, 334 F. Supp. 3d 95, 120 (Dist. D.C. 2018) (stating it was plaintiff's "obligation to plead specific facts that support a plausible inference of domestic infringement"); *see also State Street Global Advisors Trust Co. v. Visbal*, 431 F. Supp. 3d 322, 340 (S.D.N.Y. 2020) (stating that "courts considering the publication of images copyrighted in the United States on the internet abroad have required some additional link between the foreign publication on the internet and the United States" and finding that the plaintiff had not alleged such a link). Because Lindahl's Complaint includes no allegations that any act of copyright infringement occurred in the United States, Golfi's motion to dismiss the copyright infringement claim is granted.

With the copyright infringement claim dismissed, the only claim remaining is the breach-of-contract claim (Count I). The Court declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3) (stating a federal court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims

over which it has original jurisdiction"); *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (stating that in the usual case where all federal claims have been dismissed before trial, the balance of "judicial economy, convenience, fairness, and comity" point toward declining to accept jurisdiction over the state-law claims).

## ORDER

**IT IS HEREBY ORDERED** that Defendant RE/MAX Escarpment Golfi Realty, Inc.'s Motion to Dismiss (Doc. No. 7) is **GRANTED**. Plaintiffs' copyright infringement claim (Count II) is dismissed without prejudice. The Court declines to exercise jurisdiction over Plaintiffs' breach-of-contract claim (Count I), and therefore, the Complaint (Doc. No. 1) is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  March 15, 2023                                  *s/ Jerry W. Blackwell*
                                                        JERRY W. BLACKWELL
                                                        United States District Court Judge